*Lewis v. Lee*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand eighteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> *Circuit Judges,*
> KATHERINE POLK FAILLA,
> *District Judge.\**

_____

Kacey Lewis,

> *Plaintiff-Appellant*,

> v.                                                                                    17-3432

Maurice Lee, MD, Jill Burnes, APRN,

> *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:                 Kacey Lewis, *pro se*, Suffield, CT.

FOR DEFENDANTS-APPELLEES:          Matthew B. Beizer, Assistant Attorney General, *for* George Jepsen, Attorney General, Hartford, CT.

_____

\* Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Kacey Lewis ("Lewis"), an incarcerated prisoner proceeding *pro se*, appeals from the district court's grant of summary judgment to the defendants, a prison physician and nurse, in his 42 U.S.C. § 1983 action.   Lewis sued Dr. Maurice Lee ("Lee") and Nurse Jill Burnes ("Burnes") for subjecting him to involuntary mental health treatment.   He argued that Lee involuntarily medicated him and moved him to D-Block, a cell block for mentally ill inmates. Burnes placed him in the Restrictive Housing Unit ("RHU") and referred him to the Involuntary Medication Panel ("Panel") to reinstate the involuntary medication after Lee discontinued it. Defendants moved for summary judgment, and the district court granted Lewis an extension to oppose.

After the deadline passed, the district court granted defendants' motion, construing Lewis's complaint as asserting (1) substantive due process and Eighth Amendment claims against Lee for involuntarily medicating him, (2) a retaliation claim against Lee for placing him in D-Block; (3) a procedural due process claim against Burnes for placing him in the RHU; and (4) an Eighth Amendment claim against Burnes for referring him to the Panel.   The district court concluded that all of Lewis's claims were meritless.

After judgment was entered, the district court received Lewis's opposition to summary judgment, which was dated within the extension period.   It raised claims of procedural due process violations based on his placement in D-Block and retaliation by Burnes based on her referral to the Panel.   On appeal, Lewis argues that the district court failed to consider his

opposition to summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo*, focusing on whether the district court properly concluded that there was no genuine dispute as to any material fact and the moving party was entitled to judgment as a matter of law. *See Sotomayor v. City of N.Y.*, 713 F.3d 163, 164 (2d Cir. 2013); *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012).

As an initial matter, we note that Lewis is correct that his opposition to summary judgment should be deemed timely filed under the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 268, 270–71 (1988) (holding that an incarcerated *pro se* litigant's notice of appeal is deemed timely filed if the litigant delivers the notice to prison officials within the time specified in Federal Rule of Appellate Procedure 4); *see also* Fed. R. App. P. 4(c)(1)(A)(i) (codifying prison mailbox rule and providing that an incarcerated litigant's notice of appeal is deemed filed on the date identified in a valid 28 U.S.C. § 1746 declaration). Lewis's opposition was dated within the extension period and was accompanied by a declaration stating that it was submitted to prison officials on that date. Accordingly, Lewis's opposition was timely filed.

Nevertheless, the district court's failure to consider Lewis's timely opposition does not warrant remand because the court properly assessed the merits of defendants' motion without relying solely on the fact that it was unopposed. *See Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014) (noting that a district court must consider the merits of a summary judgment motion even where no opposition has been filed). Although, as discussed below, the district court may have misconstrued the nature of Lewis's claims about his placement in D-Block and Burnes's referral, remand is not necessary because these claims, properly construed, are meritless and we are "free to affirm a decision on any grounds supported in the record, even if it is not one on which

the trial court relied." *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006).
Upon a *de novo* review of the record, we conclude that the district court properly granted summary judgment.

Fourteenth Amendment Claims

Lewis's substantive due process claim against Lee for administering involuntary medication is meritless. "[A] prisoner convicted of a crime 'possesses a significant liberty interest,' protected by the Due Process Clause, 'in avoiding the unwanted administration of antipsychotic drugs.'" *United States v. Hardy*, 724 F.3d 280, 295 (2d Cir. 2013) (quoting *Washington v. Harper*, 494 U.S. 210, 221 (1990)). However, this right "may be outweighed by competing governmental interests, such as the interest of prison administrators 'in ensuring the safety of prison staffs and administrative personnel.'" *Id.* (internal citations omitted) (quoting *Harper*, 494 U.S. at 223–25). Accordingly, "the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Harper*, 494 U.S. at 227. In assessing the medical necessity for involuntary medication, courts generally defer to the knowledge and expertise of prison medical staff. *Id.* at 230–31 & n.12. However, deference may only be afforded where the state provides adequate procedural safeguards that consider the inmate's interests when determining the necessity of involuntary medication. *Id.* at 233–34.

Here, any reasonable jury would conclude that Lee administered the involuntary medication only after an adequate process determined that it was medically necessary. The record shows that the Panel gave Lewis notice, an inmate advocate, and an opportunity to contest Lee's referral, and Lewis does not argue that the Panel's process was deficient. *See id.* at 233–36

(explaining that a hearing with an independent decision maker, an opportunity to contest the recommendation, and a lay advisor may satisfy the procedural safeguard requirement). The fact that the Panel revisited the authorization every six months and ultimately denied a later referral submitted by Burnes further suggests that it took Lewis's interests into account. *See Hardy*, 724 F.3d at 296 (explaining that a district court order authorizing involuntary medication did not violate substantive due process where it ordered reassessments to ensure that the relevant data on detainee's mental illness was current). Lee referred Lewis to the Panel only after reviewing his medical records, which included the Panel's earlier finding that involuntary medication was necessary because of his anger and episodes of assaultive behavior. Accordingly, given the procedural safeguards in place, the district court properly deferred to the assessment of Lee and the Panel that involuntary medication was necessary to reduce the danger Lewis posed to himself and others. *See id.* at 297; *Anthony v. City of N.Y.*, 339 F.3d 129, 142 (2d Cir. 2003).

The district court also properly dismissed Lewis's procedural due process claim against Burnes for placing him in the RHU. Lewis did not rebut the defendants' argument that Burnes was not authorized to order him to the RHU, and she consequently lacked the personal involvement to be held liable under § 1983. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (noting that personal involvement of defendants is a prerequisite for damages in § 1983 action). Moreover, Lewis's one-day confinement in the RHU did not implicate a protected liberty interest requiring procedural due process. *See Davis v. Barrett*, 576 F.3d 129, 133 (2d Cir. 2009) (explaining that restrictive confinement of less than 101 days does not generally raise a liberty interest warranting due process protection).

Eighth Amendment Claims

Although the district court considered Lewis's claim regarding his placement in D-Block as a First Amendment retaliation claim, Lewis explicitly argued that the placement violated the Eighth Amendment. In addition, while the district court viewed Lewis's claim about Burnes's referral to the Panel as an Eighth Amendment claim, his opposition argued that it was retaliation. Accordingly, Lewis's submissions are best construed as raising Eighth Amendment claims against Lee for placing him in D-Block, administering involuntary medication, and increasing the dosage; and a retaliation claim against Burnes for referring him to the Panel.

To establish a violation of the Eighth Amendment, "an inmate must show (1) a deprivation that is 'objectively, sufficiently serious' that he was denied 'the minimal civilized measure of life's necessities,'" and (2) that the defendant acted with deliberate indifference to the inmate's health and safety. *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Lewis's claim regarding his placement in D-Block fails to meet the objective prong. Although states may not "expose [their] prisoners to conditions that 'pose an unreasonable risk of serious damage to [their] future health,'" *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)), the Eighth Amendment "does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Here, Lewis argues that placement in D-Block was cruel and unusual because it was loud, and because inmates in the unit flooded their cells, rarely bathed, were prohibited from making certain commissary purchases, had limited recreation privileges, and were escorted around the prison. These conditions do not rise to the level of "objectively, sufficiently serious" deprivations that violate the Eighth Amendment. *Cf. Rhodes*, 452 U.S. at 348 (declining to find an Eighth Amendment violation in a situation that,

*inter alia*, "did not lead to [a] deprivation[] of essential food, medical care, or sanitation," or "increase[d] violence among inmates or . . . other conditions intolerable for prison confinement").

Lewis's claim regarding the involuntary medication is also meritless because he failed to show that Lee recklessly disregarded any risk that the medication posed to Lewis's health. To state an Eighth Amendment claim of deliberate indifference to medical needs, a prisoner must show that the defendant acted with a mental state akin to recklessness. *Farmer*, 511 U.S. at 836–37. The record shows that Lee ordered the medication after assessing its necessity and increased the dosage after observing Lewis's enhanced symptoms of paranoid schizophrenia. Lee then monitored the medication's effects on Lewis, lowered the dosage when he noticed symptoms of tardive dyskinesia and fatigue, and did not continue the medication when he felt it was no longer necessary. Accordingly, no reasonable factfinder could conclude that Lee was reckless with regards to the risk of harm involved with the involuntary medication. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (holding that a claim of deliberate medical indifference failed where plaintiff was afforded adequate treatment).

Lewis's argument that the subjective element was met because Lee told him that the dosage would be increased if Lewis refused to speak with prison medical staff is meritless. Accepting Lewis's allegation as true, no reasonable factfinder would naturally infer that Lee's statement reflected an intent to punish Lewis. Lewis presented no factual support for his inference that Lee wanted to punish him for ignoring staff, and the statement is more likely an explanation of treatment options, given Lee's duty to ensure that Lewis receive adequate mental health care. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, even drawing the inference in Lewis's favor, Lee's motivation to punish Lewis would not rebut the fact that, as discussed above, Lee's conduct was not reckless. Accordingly, regardless of Lee's motivation, Lewis's claim failed.

*See Trammell v. Keane*, 338 F.3d 155, 162–63 (2d Cir. 2003) (holding that prison disciplinary measures were not deliberately indifferent to inmate's health even though they were motivated by interest in deterring behavior); *Singleton v. Norris*, 319 F.3d 1018, 1027 (8th Cir. 2003) (explaining that a state's obligation to provide medical care necessitated involuntary medication, such that any additional motive for medication is irrelevant to an Eighth Amendment claim).

Claims Raised in Opposition

In his opposition to summary judgment, Lewis raised procedural due process and retaliation claims, which we decline to consider on appeal. A party is not entitled to amend his complaint on summary judgment. *See Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006) (declining to reach the merits of an argument raised for the first time in opposition to summary judgment). In any event, even if we were to consider the claims, we conclude that they are meritless. Lewis's opposition argued that the conditions in D-Block implicated a protected liberty interest under *Sandin*, a required element for a procedural due process claim, *see Davis*, 576 F.3d at 133, and that Burnes referred him to the Panel in retaliation for a grievance he filed against her. But regardless of whether the conditions of D-Block implicated a liberty interest, Lewis did not challenge the process that placed him there: a multi-disciplinary team of corrections officials reviewed and adopted Lee's recommendation to move him to D-Block. Lewis also failed to establish a causal connection between his grievance and Burnes's referral, as required for a retaliation claim, because the record shows that he did not file a grievance against Burnes until after she referred him.

\*\*\*

We have considered Lewis's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court